Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered January 14, 2013, which granted defendants’ motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court properly rejected plaintiff’s claim that securitization of his mortgage notes was improper (see Stafford v Mortgage Elec. Registration Sys., Inc., 2012 WL 1564701, *4, 2012 US Dist LEXIS 61413, *13 [ED Mich, May 2, 2012, No. 12-10798]; Rodenhurst v Bank of Am,., 773 F Supp 2d 886, 898 [D Haw 2011]), and aptly discerned that plaintiff’s contention that defendants lack standing to enforce the notes was a mere semantic variation of that claim. To the extent plaintiff claimed that the securitization was procedurally improper, and to the extent that such a claim is cognizable (see Johnson v HSBC Bank USA, N.A., 2012 WL 928433, *2, 2012 US Dist LEXIS 36798, *6-7 [SD Cal, Mar. 19, 2012, No. 3:11-CV-2091-JM-WVG]), his allegations were conclusory.
Plaintiff’s allegations of improper increased mortgage payments and improper notices of such increases were flatly contradicted by provisions in the loan documents (see Simkin v Blank, 19 NY3d 46, 52 [2012]). The motion court correctly found that plaintiff had failed to allege that his next mortgage payments of the minimum amount authorized under the loan documents would not have triggered defendants’ right to increase his monthly payment obligations; his assertion that he had not triggered such right at the time of the notices avoided the issue.
The loan documents lacked any provision imposing on defendants a duty to modify the notes or negotiate a workout (see New York City Educ. Constr. Fund v Verizon N.Y. Inc., 114 AD3d 529 [1st Dept 2014]), and such terms cannot be added pursuant to the covenant of good faith (see D & L Holdings v Goldman Co., 287 AD2d 65, 73 [1st Dept 2001], lv denied 97 NY2d 611 [2002]).
Plaintiff’s cause of action for violation of General Business Law § 349 was properly held untimely, as it accrued upon defendants’ first notice of mortgage payment increases in April 2009, more than three years before the July 2012 service of the pleadings in this action (see CPLR 214).
We have considered plaintiff’s other contentions and find them unavailing. Concur — Tom, J.P, Acosta, Saxe, DeGrasse *445 and Freedman, JJ. [Prior Case History: 2013 NY Slip Op 30047(11).]